Green, J.
delivered the opinion of the court.
Sanders sued Rainey & Henderson in a plea of debt. The summons concludes: “Witness, Adam Guthre, clerk of our said court, at office, the fourth Monday in , 184 , and sixty year of American independence.”
The defendant pleaded in abatement, that the test of the writ was omitted in the summons; but this plea being informal, after it was filed, and before issue was taken or demurrer filed, they moved the court for leave to amend their plea, which was refused. The plaintiff then demurred to the plea, which demurrer was sustained by the court, and a final judgment was entered upon the minutes of the court against the defendants.
The bill of exceptions shows, that “after the demurrer was sustained by the court, the plaintiff’s counsel proceeded to take judgment by default for the want of a plea, read his declaration and proposed to read a note, which was objected to by the counsel for the defendants on the ground that there was a variance between the writ and declaration, and between the note and declaration, but the court overruled the objection.”
1. The first question is, whether the court erred in refusing to permit the defendants to amend their plea.
*448 We think that if the amended plea had been offered and had constituted a good defence to the action, the court should have permitted it to be filed. But this was not doue. The court was asked generally for leave to amend, without any amendment being presented, so that it might be seen whether it was proper it should be allowed. This being the case, it was in the discretion of the court to refuse the application.
2. The court entered up a judgment final, when the demurrer was sustained, and this was erroneous. • On sustaining the demurrer to the plea in abatement, the defendants should have been permitted to plead over. This was in fact the course that was pursued in the disposition of the cause, as is shown by the bill of exceptions. It is there stated, that after the demurrer was sustained, the counsel proceeded to take judgment for want of a plea. \
But the court, instead of entering up the judgment as moved for by the plaintiff, and as it should have been, erroneously entered a judgment final upon the demurrer. This judgment must be reversed; and this court, proceeding to render-such judgment as the Circuit Court should have given, orders, that judgment for the debt in the declaration mentioned be rendered against the defendants, they having failed to appear and plead, but made default.